IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB INC., UCB BIOPHARMA SRL, HANANJA EHF and UNIVERSITY OF ICELAND<br><br>Plaintiffs,<br><br>v.<br><br>HIKMA PHARMACEUTICALS PLC and HIKMA PHARMACEUTICALS USA INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. _____<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs UCB, Inc. and UCB Biopharma SRL (together, "UCB"), Hananja EHF ("Hananja"), and University of Iceland (the "University") (collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this action against Defendants Hikma Pharmaceuticals PLC and Hikma Pharmaceuticals USA Inc. (collectively, "Hikma" or "Defendants") and hereby allege as follows:

**NATURE OF THE ACTION**

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from Hikma's recent submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 219736 (hereinafter "Hikma's ANDA"). Through Hikma's ANDA, Hikma seeks approval to market Midazolam nasal spray (5mg) (the "ANDA Product"), a generic version of UCB's pharmaceutical product, NAYZILAM®, prior to the expiration of patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for NAYZILAM®, namely U.S. Patent No. 8,217,033 ("the '033 Patent");

U.S. Patent No. 8,809,322 ("the '322 Patent"); U.S. Patent No. 9,289,432 ("the '432 Patent"); and U.S. Patent No. 9,687,495 ("the '495 Patent").

## THE PARTIES

2. Plaintiff UCB Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 1950 Lake Park Drive, Building 2100, Smyrna, GA 30080. UCB, Inc. holds New Drug Application ("NDA") No. 211321 for NAYZILAM®.

3. Plaintiff UCB Biopharma SRL is a corporation organized and existing under the laws of Belgium, with a place of business at Allee de la Recherche 60 B-1070, Brussels, BE. UCB Biopharma SRL is the exclusive license of the '033, '322, '432, and '495 Patents for NAYZILAM®.

4. Plaintiff Hananja EHF is a corporation organized and existing under the laws of Iceland, with a place of business at Aflagrandi 7, 107 Reykjavik, Iceland. Hananja is an assignee and co-owner of the '033, '322, '432, and '495 Patents.

5. Plaintiff University of Iceland is an entity organized and existing under the laws of Iceland, with a principal place of business at Sæmundargata 2, 102 Reykjavik, Iceland. University of Iceland is an assignee and co-owner of the '033, '322, '432, and '495 Patents.

6. On information and belief, Defendant Hikma Pharmaceuticals PLC is a corporation organized and existing under the laws of the United Kingdom, with a principal place of business at 1 New Burlington Place, London W1S 2HR.

7. On information and belief, Defendant Hikma Pharmaceuticals USA Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 200 Connell Drive, 4th Floor, Berkeley Heights, NJ 07922.

8. On information and belief, Hikma Pharmaceuticals USA Inc. is a wholly-owned subsidiary of Hikma Pharmaceuticals PLC.

9. On information and belief, Hikma Pharmaceuticals USA Inc. acts at the direction, and for the benefit, of Hikma Pharmaceuticals PLC, and is controlled and dominated by Hikma Pharmaceuticals PLC.

10. On information and belief, Hikma Pharmaceuticals PLC and Hikma Pharmaceuticals USA, Inc. hold themselves out as a single entity for the purpose of the manufacturing, selling, marketing, distribution, and importation of generic drug products.

11. On information and belief, Hikma Pharmaceuticals PLC and Hikma Pharmaceuticals USA Inc. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Defendants are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are closer than arms' length.

12. On information and belief, Hikma Pharmaceuticals PLC and Hikma Pharmaceuticals USA Inc. acted collaboratively in the preparation and submission of Hikma's ANDA and continue to act collaboratively in pursuing FDA approval of Hikma's ANDA and seeking to market the ANDA Product.

13. On information and belief, Hikma Pharmaceuticals USA Inc. acts as the U.S. agent for Hikma Pharmaceuticals PLC for purposes of regulatory submissions to the FDA in seeking approval for generic drugs, including for Hikma's ANDA.

14. On information and belief, Hikma caused Hikma's ANDA to be submitted to the FDA and seeks FDA approval of Hikma's ANDA.

15. On information and belief, Hikma intends to commercially manufacture, market, offer for sale, and sell the proposed ANDA Product throughout the United States, including in the State of Delaware, in the event FDA approves Hikma's ANDA.

16. On information and belief, Hikma Pharmaceuticals PLC relies on material assistance from Hikma Pharmaceuticals USA Inc. to market, distribute, offer for sale, and/or sell generic drugs in the market, including the State of Delaware. On information and belief, Hikma Pharmaceuticals PLC and Hikma Pharmaceuticals USA Inc. intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the ANDA Product, in the event FDA approves Hikma's ANDA.

## JURISDICTION AND VENUE

17. This is a civil action for patent infringement under the patent laws of the United States, including 35 U.S.C. § 271, alleging infringement of the '033, '322, '432, and '495 Patents.

18. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

19. This Court has personal jurisdiction over Hikma Pharmaceuticals USA Inc. because it is a corporation organized and existing under the laws of Delaware. On information and belief, Hikma Pharmaceuticals USA Inc. is registered to do business as a domestic corporation in Delaware (File Number 2264775).

20. This Court has personal jurisdiction over Hikma Pharmaceuticals PLC because, on information and belief, it, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more wholly-owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the

privilege of doing business in the State of Delaware, and intends to sell the ANDA Product in the State of Delaware upon approval of Hikma's ANDA.

21. On information and belief, Hikma is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter-egos, which Hikma manufactures, distributes, markets, and/or sells throughout the United States, including in this judicial district.

22. On information and belief, Hikma is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more subsidiaries or agents.

23. Hikma has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture NAYZILAM® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated February 14, 2025, sent by Hikma to UCB, Inc., Hananja, and the University pursuant to 21 U.S.C. § 355(j)(2)(B) (hereinafter, the "Notice Letter"), Hikma's ANDA was prepared and submitted with the intention of seeking to market the ANDA Product nationwide, including within this judicial district.

24. On information and belief, Hikma plans to sell the ANDA Product in the State of Delaware, list the ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

25. On information and belief, Hikma knows and intends that the proposed ANDA Product will be distributed and sold in Delaware and will thereby displace sales of NAYZILAM®,

causing injury to Plaintiffs. On information and belief, Hikma intends to take advantage of their established channels of distribution in Delaware for the sale of the proposed ANDA Product.

26. Hikma regularly engages in patent litigation concerning FDA-approved drug products in this judicial district, has not contested personal jurisdiction in this judicial district in such litigation, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Hikma Pharmaceuticals USA Inc. v. Cipla USA Inc.*, C.A. No. 23-1157-GBW, D.I. 1 (D. Del. Oct. 13, 2023); *Astellas US LLC v. Hikma Pharmaceuticals USA, Inc.*, C.A. No. 21-1785-CFC, D.I. 9 (D. Del. Feb. 28, 2022); *Novo Nordisk Inc. v. Hikma Pharmaceuticals USA Inc.*, C.A. No. 21-1783-CFC, D.I. 8 (D. Del. Jan. 12, 2022); *InfoRLife SA v. Hikma Pharmaceuticals USA Inc.*, C.A. No. 21-1764-CFC, D.I. 20 (D. Del. Feb. 23, 2021).

27. Alternatively, this Court has personal jurisdiction over Hikma Pharmaceuticals PLC under Federal Rule of Civil Procedure 4(k)(2)(A) as (a) Plaintiffs' claims arise under federal law; (b) Hikma Pharmaceuticals PLC is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Hikma Pharmaceuticals PLC has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Hikma's ANDA to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Hikma Pharmaceuticals PLC satisfies due process.

28. Venue is proper in this district for Hikma Pharmaceuticals PLC pursuant to 28 U.S.C. § 1391 because, *inter alia*, Hikma Pharmaceuticals PLC is a corporation organized and existing under the laws of the United Kingdom and is subject to personal jurisdiction in this judicial district.

29. Venue is proper in this district for Hikma Pharmaceuticals USA Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hikma Pharmaceuticals USA Inc. is a corporation organized and existing under the laws of the State of Delaware.

## NAYZILAM®

30. UCB, Inc. is the holder of New Drug Application ("NDA") No. 211321 for NAYZILAM® nasal spray (5 mg). The active ingredient in NAYZILAM® is midazolam. FDA approved NDA No. 211321 on May 17, 2019.

31. NAYZILAM® is a nasal spray indicated for the acute treatment of intermittent, stereotypic episodes of frequent seizure activity (i.e. seizure clusters, acute repetitive seizures) that are distinct from a patient's usual seizure pattern in patients with epilepsy 12 years of age and older.

32. FDA granted NAYZILAM® orphan drug status. NAYZILAM®'s orphan drug exclusivity continues until May 17, 2026.

33. The '033, '322, '432, and '495 Patents are listed in the "Orange Book" for NAYZILAM®.

## THE ASSERTED PATENTS

34. The '033 Patent, entitled "Methods and Compositions for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on July 10, 2012. A true and correct copy of the '033 Patent is attached hereto as Exhibit A.

35. The '322 Patent, entitled "Methods and Compositions for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on August 19, 2014. A true and correct copy of the '322 Patent is attached hereto as Exhibit B.

36. The '432 Patent, entitled "Methods and Compositions for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on March 22, 2016. A true and correct copy of the '432 Patent is attached hereto as Exhibit C.

37. The '495 Patent, entitled "Methods and Systems for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on June 27, 2017. A true and correct copy of the '495 Patent is attached hereto as Exhibit D.

38. UCB Biopharma SRL, Hananja, and the University own all rights to the '033, '322, '432 and '495 Patents, including the right to sue for infringement thereof.

## HIKMA'S ANDA NO. 219736

39. On information and belief, Hikma has submitted Hikma's ANDA to FDA, or caused Hikma's ANDA to be submitted to FDA, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, offer to sell or sale of midazolam nasal spray as a generic version of NAYZILAM® nasal spray prior to the expiration of the '033, '322, '432, and '495 Patents.

40. On information and belief, Hikma Pharmaceuticals PLC and Hikma Pharmaceuticals USA Inc. sent UCB, Inc., Hananja, and the University the Notice Letter dated February 14, 2025. The Notice Letter represented that Hikma had submitted to FDA Hikma's ANDA and a Paragraph IV certification for the '033, '322, '432, and '495 Patents.

41. On information and belief, the purpose of the submission of Hikma's ANDA and Paragraph IV certification was to obtain approval under section 505(j) of the Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale and sale of the ANDA Product before expiration of the 033, '322, '432, and '495 Patents.

42. On information and belief, if approved, the ANDA Product will have the same indication as NAYZILAM®. On further information and belief, the indication set forth in the proposed labeling submitted in Hikma's ANDA for the ANDA Product is the acute treatment of intermittent, stereotypic episodes of frequent seizure activity (i.e. seizure clusters, acute repetitive seizures) that are distinct from a patient's usual seizure pattern in patients with epilepsy 12 years of age and older.

43. In the Notice Letter, Hikma purported to offer confidential access to portions of Hikma's ANDA on terms and conditions set forth in the Notice Letter ("the Hikma Offer"). Hikma requested that UCB, Inc., Hananja, and the University accept the Hikma Offer before receiving access to Hikma's ANDA. The Hikma Offer contained unreasonable restrictions on who could view the ANDA, well beyond those that would apply under a protective order. For example, the Hikma Offer purported to allow access only to "certain information" from the ANDA. The Hikma Offer permitted access only to attorneys from a single law firm. The Hikma Offer did not permit any of UCB, Inc.'s, Hananja's, or the University's in-house attorneys to access Hikma's ANDA. Nor did it permit any scientific experts to access Hikma's ANDA. Nor did it permit any staff working under the supervision of UCB, Inc.'s, Hananja's, or the University's counsel or scientific experts to access Hikma's ANDA. Additionally, the Hikma Offer contained provisions that unreasonably restricted the ability of counsel receiving access to Hikma's ANDA to engage in any patent prosecution or work before or involving the FDA. The restrictions the Hikma Offer placed on access to Hikma's ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

Outside counsel for Plaintiffs proposed edits to the Hikma OCA on March 5, 2025. The parties met and conferred on March 11, 2025. As of the filing of this complaint, Plaintiffs have not received any follow up from Hikma, and the parties were unable to reach agreement as to reasonable terms governing confidential access to the Hikma ANDA.

44. According to applicable regulations, Notice Letters such as Hikma's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed that includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 CFR § 314.95(c)(7); *see also* 21 CFR § 314.52.

45. For at least one claim of each of the '033, '322, '432, and '495 Patents, Hikma's Notice Letter does not contest that its ANDA Product or the proposed administration of that Product would infringe that claim, as set forth below.

46. On information and belief, if FDA approves Hikma's ANDA, Hikma will manufacture, use, offer for sale, or sell the ANDA Product, within the United States, including within the State of Delaware, or will import the ANDA Product into the United States, including the State of Delaware.

47. On information and belief, if FDA approves Hikma's ANDA, Hikma will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Product in a manner that infringes the '033, '322, '432, and '495 Patents.

48. This action is being brought within forty-five days of Plaintiffs' receipt of the Notice Letter, pursuant to 21 U.S.C. § 355(c)(3)(C).

## Count I
## <u>INFRINGEMENT OF THE '033 PATENT</u>

49. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–48 as if fully set forth herein.

50. On information and belief, Hikma submitted or caused the submission of ANDA No. 219736 to FDA, and thereby seeks FDA approval of Hikma's ANDA.

51. The ANDA Product infringes claims of the '033 Patent.

52. Hikma did not contest infringement of Claims 1–14 of the '033 Patent in the Notice Letter.

53. Hikma has infringed claims of the '033 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hikma's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '033 Patent.

54. Upon information and belief, Hikma's commercial manufacture, use, offer for sale or sale within the United States, or importation into the United States of the Hikma ANDA Product would directly infringe, and would actively induce and contribute to infringement of the '033 Patent. *See* 35 U.S.C. § 271(a), (b) and (c).

55. On information and belief, upon FDA approval of Hikma's ANDA, Hikma will market and distribute the Hikma ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Hikma will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Hikma will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe the claims of the '033 Patent. In addition, on information and belief, Hikma will encourage acts of

direct infringement with knowledge of the '033 Patent and knowledge that it is encouraging infringement.

57. Hikma had actual knowledge of the '033 Patent prior to submission of Hikma's ANDA, and was aware that the submission of Hikma's ANDA with the request for FDA approval prior to the expiration of the '033 Patent would constitute an act of infringement of the '033 Patent.

57. Hikma submitted Hikma's ANDA without adequate justification for asserting the '033 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Hikma's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '033 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

58. Plaintiffs will be irreparably harmed if Hikma is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '033 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hikma, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### Count II
### INFRINGEMENT OF THE '322 PATENT

59. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–58 as if fully set forth herein.

60. On information and belief, Hikma submitted or caused the submission of ANDA No. 219736 to FDA, and thereby seeks FDA approval of Hikma's ANDA.

61. The ANDA Product infringes claims of the '322 Patent.

62. Hikma did not contest infringement of any claim of the '322 Patent in the Notice Letter.

63. Hikma has infringed claims of the '322 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hikma's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '322 Patent.

64. Upon information and belief, Hikma's commercial manufacture, use, offer for sale or sale within the United States, or importation into the United States of the Hikma ANDA Product would directly infringe, and would actively induce and contribute to infringement of the '322 Patent. *See* 35 U.S.C. § 271(a), (b) and (c).

65. On information and belief, upon FDA approval of the Hikma ANDA, Hikma will market and distribute the Hikma ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Hikma will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Hikma will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '322 Patent. In addition, on information and belief, Hikma will encourage acts of direct infringement with knowledge of the '322 Patent and knowledge that it is encouraging infringement.

66. Hikma had actual knowledge of the '322 Patent prior to submitting Hikma's ANDA, and was aware that the submission of Hikma's ANDA with the request for FDA approval prior to the expiration of the '322 Patent would constitute an act of infringement of the '322 Patent.

67. Hikma submitted Hikma's ANDA without adequate justification for asserting the '322 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use,

offer for sale, or sale of the ANDA Product. Hikma's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '322 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

68. Plaintiffs will be irreparably harmed if Hikma is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '322 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hikma, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## Count III
### INFRINGEMENT OF THE '432 PATENT

69. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–68 as if fully set forth herein.

70. On information and belief, Hikma submitted or caused the submission of ANDA No. 219736 to FDA, and thereby seeks FDA approval of Hikma's ANDA.

71. The ANDA Product infringes claims of the '432 Patent.

72. Hikma did not contest infringement of claims 1–14 of the '432 Patent in the Notice Letter.

73. Hikma has infringed claims of the '432 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hikma's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '432 Patent.

74. Upon information and belief, Hikma's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of the Hikma ANDA Product

would directly infringe, and would actively induce and contribute to infringement of the '432 Patent. *See* 35 U.S.C. § 271(a), (b) and (c).

75. On information and belief, upon FDA approval of the Hikma ANDA, Hikma will market and distribute the Hikma ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Hikma will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Hikma will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe claims of the '432 Patent. In addition, on information and belief, Hikma will encourage acts of direct infringement with knowledge of the '432 Patent and knowledge that it is encouraging infringement.

76. Hikma had actual knowledge of the '432 Patent prior to submitting Hikma's ANDA, and was aware that the submission of Hikma's ANDA with the request for FDA approval prior to the expiration of the '432 Patent would constitute an act of infringement of the '432 Patent.

77. Hikma submitted Hikma's ANDA without adequate justification for asserting the '432 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Hikma's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '432 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

78. Plaintiffs will be irreparably harmed if Hikma is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '432 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hikma,

a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**Count IV**
**INFRINGEMENT OF THE '495 PATENT**

79. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–78 as if fully set forth herein.

80. On information and belief, Hikma submitted or caused the submission of ANDA No. 219736 to FDA, and thereby seeks FDA approval of Hikma's ANDA.

81. The ANDA Product infringes claims of the '495 Patent.

82. Hikma did not contest infringement of claims 1–14 of the '495 Patent in the Notice Letter.

83. Hikma has infringed claims of the '495 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hikma's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '495 Patent.

84. Upon information and belief, Hikma's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of the Hikma ANDA Product would directly infringe, and would actively induce and contribute to infringement of the '495 Patent. *See* 35 U.S.C. § 271(a), (b) and(c).

85. On information and belief, upon FDA approval of the Hikma ANDA, Hikma will market and distribute the Hikma ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Hikma will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Hikma will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe

16

one or more claims of the '495 Patent. In addition, on information and belief, Hikma will encourage acts of direct infringement with knowledge of the '495 Patent and knowledge that it is encouraging infringement.

86. Hikma had actual knowledge of the '495 Patent prior to submission of Hikma's ANDA, and was aware that the submission of Hikma's ANDA with the request for FDA approval prior to the expiration of the '495 Patent would constitute an act of infringement of the '495 Patent.

87. Hikma submitted Hikma's ANDA without adequate justification for asserting the '495 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Hikma's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '495 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

88. Plaintiffs will be irreparably harmed if Hikma is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '495 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Hikma, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(A) A judgment that Hikma has infringed the '033, '322, '432, and '495 Patents under 35 U.S.C. § 271(e)(2)(A);

(B) An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Hikma's ANDA shall be no earlier than the last expiration date of any of the '033, '322,

'432, or '495 Patents, or any later expiration of exclusivity for any of the '033, '322, '432, or '495 Patents, including any extensions or regulatory exclusivities;

(C)     Entry of a permanent injunction enjoining Hikma, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Hikma or on its behalf from commercially manufacturing, using, offering for sale, or selling the ANDA Product within the United States, or importing the ANDA Product into the United States, until the expiration of the '033, '322, '432, or '495 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '033, '322, '432, or '495 Patents;

(D)     A judgment declaring that making, using, offering to sell, selling, or importing the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '033, '322, '432, or '495 Patents pursuant to 35 U.S.C. § 271 (a), (b), and (c);

(E)     A declaration that if Hikma, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Hikma or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and (c);

(F)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Hikma engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '033, '322, '432, or '495 Patents, or induce or contribute to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(G)     A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(H)     An award of costs and expenses in this action; and

(I)     Such other and further relief as the Court deems just and proper.

18

|  |  |
|---|---|
| OF COUNSEL:<br><br>Alexa Hansen<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105-2533<br>(415) 591-6000<br><br>Kaveh Saba<br>Melissa Keech<br>John Veiszlemlein<br>Florina Lam<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br><br>March 28, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Megan E. Dellinger*<br>_____<br>Jeremy A. Tigan (#5239)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jtigan@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |